THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DEKOTA BRUNSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [34] DEFENDANT'S SPEEDY TRIAL DEMAND, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:20-cr-00413 DBB |

This matter is before the court on Defendant's Speedy Trial Demand, Motion to Dismiss, and Memorandum in Support[1] (Motion). Having reviewed the parties' briefing, the court concludes the Motion may be resolved without oral argument.[2] For the following reasons the Motion is DENIED.

## BACKGROUND

In March 2020, Mr. Brunson was arrested for stealing and possessing firearms as a restricted person and was held in the Utah County jail on these state charges.[3] On April 6, 2020, the government filed a complaint against Mr. Brunson, alleging one count of felon in possession of firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1) and one count of possession of

---

[1] Defendant's Speedy Trial Demand, Motion to Dismiss, and Memorandum in Support (Motion), ECF No. 34, filed June 4, 2021.

[2] DUCrimR 12-1(i).

[3] Motion at 1–2; United States' Response to the Defendant's Speedy Trial Demand, Motion to Dismiss, and Memorandum in Support (Response) at 2, ECF No. 36, filed June 16, 2021.

stolen firearms pursuant to 18 U.S.C. § 922(j).[4] A grand jury returned an indictment against Mr. Brunson on these charges on December 16, 2020.[5] Mr. Brunson made his initial appearance in front of the magistrate judge on January 8, 2021, at which he pled not guilty and submitted on the issue of detention, choosing to remain in state custody.[6]

On March 16, 2020 in response to the COVID-19 pandemic and guidance from the Centers for Disease Control and Prevention, the Chief United States District Judge for the District of Utah (Chief Judge) issued General Order 20-009. General Order 20-009, in relevant part, continued all civil and criminal jury trials scheduled between March 16, 2020 and May 1, 2020 pending further order of the court; suspended all grand jury proceedings between March 16, 2020 and May 1, 2020, which tolled the 30-day period for filing an indictment; and excluded under the Speedy Trial Act[7] all continuances implemented by the General Order.[8] The Chief Judge subsequently issued General Orders 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, and 21-001 that in sum continued all criminal jury trials until April 29, 2021, at which time criminal jury trials could resume with one trial taking place at a time.[9] The Orders also excluded the time until June 30, 2021 from the speedy trial calculations for both return of an indictment and commencement of trial.

On June 4, 2021, Mr. Brunson filed the instant motion, requesting that the court dismiss

---

[4] ECF No. 1 at 1–2, filed April 6, 2020.
[5] ECF No. 4, filed December 16, 2020.
[6] ECF No. 16.
[7] 18 U.S.C. § 3161(h).
[8] General Order 20-009.
[9] General Order 21-003.

2

the action against him for violation of his Sixth Amendment right to a speedy trial.[10]

## DISCUSSION

There are four factors courts must balance when analyzing a Sixth Amendment speedy trial motion.[11] These factors are: (1) length of the delay, (2) reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.[12]

The first factor "is to some extent a triggering mechanism."[13] "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."[14] "Delays approaching one year generally satisfy the requirement of presumptive prejudice."[15] "The length of delay is measured from the time at which the speedy trial right attaches: the earlier of either arrest or indictment."[16] Mr. Brunson was arrested on March 12, 2020 and had a pending parole warrant.[17] This was his second parole violation and he was facing up to 120 days of parole revocation.[18] Mr. Brunson would have served those 120 days by July 1, 2020.[19] Under those circumstances, Mr. Brunson would have only just reached the year-long mark at which the court presumes prejudice.[20] Mr. Brunson's motion was filed prior to

---

[10] Motion at 1.

[11] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006).

[16] *Id.*

[17] Motion at 1–2.

[18] *Id.* Exhibit A.

[19] *Id.* at 5.

[20] The court notes that the case law surrounding when prejudice is presumed was developed outside of the unprecedented time of the COVID-19 global pandemic. Of course, it is a matter of record that no jury trials were available in this district from March 16, 2020 through April 29, 2021 because of COVID-19.

this time. In any event, the court analyzes the remaining factors here to ensure completeness.

The remaining factors demonstrate that Mr. Brunson's Sixth Amendment right to a speedy trial has not been violated. The second factor—the reason for the delay—weighs in the government's favor. Simply put, the reasons for the delay were the suspension of the grand jury, followed by the limited grand jury proceedings, and the suspension of criminal jury trials, all of which were due to the COVID-19 pandemic.[21] The pandemic was not within the government's control, and the government cannot be faulted for the change in court operations during this time. Thus, the delay cannot be attributed to the government's actions, and this factor weighs in the government's favor.

The third factor—the defendant's assertion of his speedy trial right—also weighs in the government's favor. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right."[22] "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."[23] Mr. Brunson failed to assert his speedy trial right until filing the instant motion on June 4, 2021.[24] Indeed, Mr. Brunson could have asserted his speedy trial right much sooner in this matter, for example, after the complaint or after the grand jury returned the indictment against him. Indeed, Mr. Brunson's August 2020 letter to the Board of Pardons and Parole indicates that he was aware of the federal case, and he could have asserted his speedy trial right

---

[21] *See* General Orders 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001.
[22] *Barker*, 407 U.S. at 531–32.
[23] *Id.* at 532.
[24] *See* Motion at 6–7.

at that time.[25] Because of Mr. Brunson delay in asserting his speedy trial right, this factor weighs in the government's favor.

Finally, and importantly, the fourth factor—the prejudice to the defendant—weighs in favor of the government. Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect."[26] These interests are: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the accused, and (iii) limiting the possibility that the defense will be impaired.[27]

There has been no showing of prejudice. As noted earlier, jury trials in this district were unavailable because of COVID-19 from March 2020 through April 2021. While jury trials are now available on a limited basis, Mr. Brunson has not requested one.

Additionally, Mr. Brunson argues that "[b]ecause the Board of Pardons would have likely released [him] by July 1, 2020, his pretrial incarceration has been oppressive."[28] He goes on to argue that because he is in State custody, he will receive no time-served credit toward his federal sentence if convicted.[29] And he compares his incarceration to that of his co-defendant.[30] These arguments are without merit and do not serve to demonstrate how his pretrial incarceration has been oppressive. His argument is based on hypothetical action by the Board of Pardons, over which this court has no control, and his premature concern that he will receive no federal consideration for the time spent in state custody on the related charges. Moreover, any

---

[25] *Id.* Exhibit A.
[26] *Barker*, 407 U.S. at 532.
[27] *Id.*
[28] Motion at 8.
[29] *Id.*
[30] *Id.*

comparison to his co-defendant is unhelpful as his co-defendant's case has its own unique facts that cannot be directly analogized here. Mr. Brunson has therefore not demonstrated to the court that his pretrial incarceration has been oppressive.

Mr. Brunson fails to articulate any anxiety or concern other than being "unable to move on with his life."[31] Of course, because of COVID-19, his case would not have been tried earlier. The court is sympathetic to the natural anxiety that pretrial detention can cause, but there is no basis for a constitutional violation.

Mr. Brunson's averments about how his defense was impaired are similarly ineffectual. He avers that he "suffered an impairment of his ability to defend and prepare his case" because he was deprived of the assistance of counsel from the date of his arraignment in state court until his initial appearance in federal court.[32] However, Mr. Brunson provides no particulars about the alleged impairment. He also avers that he lost his ability to invoke the protection of the Speedy Trial Act,[33] but this argument is without merit because the court had suspended the application of the Speedy Trial Act at the time. Next, Mr. Brunson avers that he has been deprived of credit for time served because the time served will go to the State.[34] His argument here is based entirely on hypothetical scenarios playing out in state court, which are insufficient to demonstrate prejudice because they have not happened, and this court has no control over those proceedings. Finally, Mr. Brunson avers that the court should presume prejudice "simply because everyone knows that memories fade, evidence is lost, and the burden of anxiety upon any criminal defendant increases

---

[31] *Id.*

[32] *Id.* at 9 (quoting *United States v. Seltzer*, 595 F.3d, 1170, 1180 (10th Cir. 2010)).

[33] *Id.* at 10.

[34] Motion at 10–11.

with the passing months and years."[35] Not only is the quoted authority not binding on this court, but also Mr. Brunson has not set forth any statement that in his case memories have faded, evidence has been lost, or his anxiety is increasing. In sum, Mr. Brunson has failed to demonstrate that his ability to prepare a defense has been impaired.

Again, because of the COVID-19 pandemic, court operations were necessarily limited.[36] Even had the action against Mr. Brunson proceeded as he contends it should have, the outcome would have been the same. Accordingly, Mr. Brunson has not been prejudiced.

The balance of the four factors the court analyzes for purposes of determining whether a defendant's Sixth Amendment right to a speedy trial has been violated weighs in favor of the government. The court concludes that Mr. Brunson's speedy trial right has not been violated.

## CONCLUSION

For the reasons stated above, Mr. Brunson's motion is DENIED.

DATED this 14th day of July, 2021.

BY THE COURT:

David Barlow
United States District Judge

---

[35] *Id.* at 11 (quoting *United States v. Mann*, 291 F. Supp. 268, 271 (S.D.N.Y 1968)).
[36] *See* General Orders 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001.